UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN TUTTERROW,<br><br>    Plaintiff,<br><br>v.<br><br>VICTOR SULLIVAN, *et al.*,<br><br>    Defendants. | CASE NO.  C04-2412RSM<br><br>ORDER GRANTING McBEE'S<br>REQUEST FOR SANCTIONS |

This matter comes before the Court on defendant Steve McBee's motion for sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. (Dkt. #10). Defendant McBee argues that plaintiff has filed this action for an improper purpose and to harass him for testifying against plaintiff in a previous criminal action. Plaintiff has responded in the form of an attorney affidavit. (Dkt. #9).

Having reviewed defendant McBee's Motion for Sanctions, plaintiff's opposition, and the remainder of the record, the Court does hereby find and ORDER:

(1) Defendant McBee's Motion for Sanctions (Dkt. #10) is GRANTED. Plaintiff has filed a complaint for breach of contract, breach of duty of good faith and fair dealing, fraud, intentional misrepresentation, interference with contractual relations, interference with prospective economic advantage, intentional infliction of emotional distress, civil conspiracy and

ORDER
PAGE – 1

libel. (Dkt. #1). Defendant McBee has been named as a defendant in all of those claims, although the only specific allegation regarding McBee is contained in paragraph 17, asserting that he conspired with other defendants to send defamatory e-mails about plaintiff.

Rule 11 allows the Court to impose sanctions upon the attorney or party filing an action if the Court has determined that such filing is being presented for an improper purpose, the claims, defenses, and other legal contentions are not warranted by existing law, the allegations and other factual contentions have no evidentiary basis, or the denials of factual contentions are not warranted. Fed. R. Civ. P. 11(b). In the instant case, plaintiff has committed each of these violations.

In order to put this action into context, it is necessary to examine the history between plaintiff and McBee. McBee first met plaintiff when he hired plaintiff to work at the same company where he worked. At some point, plaintiff pitched an "investment opportunity" to McBee, and McBee subsequently invested $25,000. In 1999, in connection with that "investment opportunity," plaintiff was convicted of wire fraud. (Dkt. #10, Exhibit 1). McBee testified against plaintiff in that criminal proceeding, and was ultimately awarded restitution.

On September 26, 2004, the Honorable Matthew Perry, Senior United States District Judge in the United States District Court for the District of South Carolina, transferred venue to Nevada to enforce garnishment of plaintiff's wages in favor of McBee. (Dkt. #10, Ex. 2). Plaintiff subsequently filed a motion for relief from garnishment, supported by an affidavit that stated, "I am currently in the process of filing a claim in Federal Court against the individuals that arranged my being charged with the charges which in [sic] resulted the instant garnishment." (Dkt. #10, Ex. 3). The garnishment proceedings were commenced approximately two months prior to the instant action. It appears that this action is the one to which plaintiff was referring in his motion for relief.

Although plaintiff's attorney now attempts to defend himself against sanctions by asserting that he conducted due diligence before filing this case, the Complaint itself, and the evidence presented actually show the contrary. Plaintiff has demonstrated no legal or factual basis whatsoever for asserting contract claims against McBee. He has alleged no facts in the complaint that would support such claims, nor has he demonstrated any legal contractual relationship between plaintiff and McBee. Thus, plaintiff's contract claims appear to be frivolous and unfounded.

As for plaintiff's tort claims, the only allegation set forth against McBee is that he conspired with the other defendants to send defamatory e-mails about plaintiff. McBee has submitted a sworn affidavit testifying that he has never conspired to defame plaintiff, he has never met or communicated with defendants Sullivan and Tutterrow, and he has spoken to defendant Hale only in connection with the prior criminal action, and once on January 14, 2005, regarding this lawsuit. Again, plaintiff presents no evidence to the contrary. In fact, all of the evidence presented in plaintiff's opposition appears to pertain to defendant Sullivan, who may have had a connection with defendant Hale. Thus, there again appears to be no legal or factual basis for plaintiff's tort claims, and the Court finds those claims to be frivolous.

Finally, the Court notes that, after examining the history between McBee and plaintiff, there is a strong likelihood that this action was brought solely to harass McBee in retaliation for testifying against plaintiff during his 1998-99 criminal proceeding. Had plaintiff's attorney conducted due diligence prior to filing the case, he would have discovered facts supporting that conclusion, including the fact that McBee testified against plaintiff in his criminal proceeding, plaintiff owed McBee a large sum of money in restitution from his resulting criminal conviction, the U.S. Attorney's office has instituted a garnishment proceeding against plaintiff to collect that restitution, and those garnishment proceedings were commenced just two months prior to the

ORDER
PAGE – 3

1  filing of this action.  Furthermore, the other named defendants in this case all testified against

2  plaintiff during his criminal proceedings.  Thus, it appears clear that this suit was brought for the

3  improper purpose of harassing defendant McBee.

4      Accordingly, the Court finds that plaintiff and his attorney have violated Rule 11(b) and

5  sanctions are appropriate.

6      (2)  Having determined that Rule 11 sanctions are appropriate in this case, the Court

7  hereby ORDERS the following:

8      a.  Plaintiff shall pay a penalty to the Court in the amount of $500.00 <u>no later than 30 days

9  from the date of this Order</u>.

10      b.  Plaintiff's counsel shall pay a penalty to the Court in the amount of $1000.00 <u>no later

11  than 30 days from the date of this Order</u>.

12      c.  Plaintiff shall pay reasonable attorney's fees and costs incurred by filing the instant

13  motion for sanctions.  Defendant shall file a petition for such fees and costs, setting forth the

14  amount requested with supporting documentation.  Defendant shall properly note the petition

15  pursuant to the Court's Local Rules.

16      (3)  The Clerk is directed to forward a copy of this Order to all counsel of record.

17

18      DATED this __13__ day of April, 2005.

19

20      _____
    RICARDO S. MARTINEZ

21      UNITED STATES DISTRICT JUDGE

22

23

24

25

26  ORDER
    PAGE – 4