UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN TUTTERROW, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR SULLIVAN, *et al.*, <br><br> Defendants. | CASE NO. C04-2412RSM <br><br> ORDER GRANTING HALE'S REQUEST FOR SANCTIONS |

This matter comes before the Court on defendant John Hale's motion for sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. (Dkt. #12). Defendant Hale argues that plaintiff has filed this action for an improper purpose and to harass him for testifying against plaintiff in a previous criminal action. Plaintiff has responded in the form of an attorney affidavit. (Dkt. #9).

Having reviewed defendant Hale's Motion for Sanctions, plaintiff's opposition, and the remainder of the record, the Court does hereby find and ORDER:

(1) Defendant Hale's Motion for Sanctions (Dkt. #12) is GRANTED. Plaintiff has filed a complaint for breach of contract, breach of duty of good faith and fair dealing, fraud, intentional misrepresentation, interference with contractual relations, interference with prospective economic advantage, intentional infliction of emotional distress, civil conspiracy and libel. (Dkt.

ORDER
PAGE – 1

#1).  Defendant Hale has been named as a defendant in all of those claims, although the only specific allegation regarding Hale is contained in paragraph 17, asserting that he conspired with other defendants to send defamatory e-mails about plaintiff.

Rule 11 allows the Court to impose sanctions upon the attorney or party filing an action if the Court has determined that such filing is being presented for an improper purpose, the claims, defenses, and other legal contentions are not warranted by existing law, the allegations and other factual contentions have no evidentiary basis, or the denials of factual contentions are not warranted.  Fed. R. Civ. P. 11(b).  In the instant case, plaintiff has committed each of these violations.

In order to put this action into context, it is necessary to examine the history between plaintiff and Hale.  Hale first met plaintiff in August of 1993.  Two years later, Hale invested $4,500 in an "investment opportunity" offered by plaintiff.  That investment was never returned.  In 1999, in connection with that "investment opportunity," plaintiff was convicted of wire fraud.  (Dkt. #12, Exhibit 1).  Hale testified against plaintiff in that criminal proceeding, and was ultimately awarded restitution.

On September 26, 2004, the Honorable Matthew Perry, Senior United States District Judge in the United States District Court for the District of South Carolina, transferred venue to Nevada to enforce garnishment of plaintiff's wages in favor of Hale.  (Dkt. #12, Ex. 2).  Plaintiff subsequently filed a motion for relief from garnishment, supported by an affidavit that stated, "I am currently in the process of filing a claim in Federal Court against the individuals that arranged my being charged with the charges which in [sic] resulted the instant garnishment."  (Dkt. #12, Ex. 3).  The garnishment proceedings were commenced approximately two months prior to the instant action.  It appears that this action is the one to which plaintiff was referring in his motion for relief.

Although plaintiff's attorney now attempts to defend himself against sanctions by asserting

ORDER
PAGE – 2

that he conducted due diligence before filing this case, the Complaint itself, and the evidence presented actually show the contrary. Plaintiff has demonstrated no legal or factual basis whatsoever for asserting contract claims against Hale. He has alleged no facts in the complaint that would support such claims, nor has he demonstrated any legal contractual relationship between plaintiff and Hale. Thus, plaintiff's contract claims appear to be frivolous and unfounded.

As for plaintiff's tort claims, the only allegation set forth against Hale is that he conspired with the other defendants to send defamatory e-mails about plaintiff. Hale has submitted a sworn affidavit testifying that he has never conspired to defame plaintiff, he has never met or communicated with defendants Sullivan and Tutterrow, and he has spoken to defendant McBee only in connection with the prior criminal action, and once on January 14, 2005, regarding this lawsuit. Plaintiff asserts that he has evidence of e-mails traced to Hale's computer, proving that he was part of a defamation conspiracy. However, the evidence proves no such fact. All plaintiff has submitted is a report from a private investigator stating that he traced the e-mails to a computer at a lab in Texas, that can be accessed by students from many local universities and colleges, and that Hale was a student at Texas A&M at the time. Indeed, the private investigator goes on to state that there is no way to trace the user of the computer because log-in names are not required. Moreover, all of the remaining evidence presented in plaintiff's opposition pertains to defendant Sullivan, who appears to have sent many threatening or disgraceful e-mails to plaintiff, his employers and to plaintiff's daughter's employer. Thus, there again appears to be no legal or factual basis for plaintiff's tort claims, and the Court finds those claims to be frivolous.

Finally, the Court notes that, after examining the history between Hale and plaintiff, there is a strong likelihood that this action was brought solely to harass Hale in retaliation for testifying against plaintiff during his 1998-99 criminal proceeding. Had plaintiff's attorney

ORDER
PAGE – 3

conducted due diligence prior to filing the case, he would have discovered facts supporting that conclusion, including the fact that Hale testified against plaintiff in his criminal proceeding, plaintiff owed Hale a large sum of money in restitution from his resulting criminal conviction, the U.S. Attorney's office has instituted a garnishment proceeding against plaintiff to collect that restitution, and those garnishment proceedings were commenced just two months prior to the filing of this action.  Furthermore, the other named defendants in this case all testified against plaintiff during his criminal proceedings.  Thus, it appears clear that this suit was brought for the improper purpose of harassing defendant Hale.

Accordingly, the Court finds that plaintiff and his attorney have violated Rule 11(b) and sanctions are appropriate.

(2) Having determined that Rule 11 sanctions are appropriate in this case, the Court hereby ORDERS the following:

a. Plaintiff shall pay a penalty to the Court in the amount of $500.00 <u>no later than 30 days from the date of this Order</u>.

b. Plaintiff's counsel shall pay a penalty to the Court in the amount of $1000.00 <u>no later than 30 days from the date of this Order</u>.

c. Plaintiff shall pay reasonable attorney's fees and costs incurred by filing the instant motion for sanctions. Defendant shall file a petition for such fees and costs, setting forth the amount requested with supporting documentation.  Defendant shall properly note the petition pursuant to the Court's Local Rules.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this __13__ day of April, 2005.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER  
PAGE – 4