UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN TUTTEROW,<br><br>    Plaintiff,<br><br>v.<br><br>VICTOR SULLIVAN, *et al.*,<br><br>    Defendants. | CASE NO.  C04-2412RSM<br><br>ORDER GRANTING<br>DEFENDANT JOHN HALE'S<br>MOTION FOR FEES |

    This matter comes before the Court on defendant John Hale's motion for attorney's fees. (Dkt. #25).  On December 1, 2004, plaintiff filed the instant lawsuit, raising multiple breach of contract claims against defendants.  (Dkt. #1).  Defendant Hale subsequently filed a motion to dismiss, asserting that this Court lacked personal jurisdiction over him because he has no contacts with the State of Washington, and that the lawsuit had been filed in this venue improperly because all of the defendants reside in different states.  (Dkt. #2).  Plaintiff failed to respond prior to the motion's noting date.  The Court ultimately granted Hale's motion, and dismissed all of plaintiff's claims against him.  The Court has also recently granted Hale's related motion for sanctions against plaintiff, having determined that plaintiff's claims were unfounded and frivolous, in violation of Rule 11 of the Federal Rules of Civil Procedure.  (Dkt. #28).

    Defendant opposes the motion for attorney's fees.  (Dkt. #29).  Defendant appears to argue that plaintiff cites the incorrect basis for recovery of fees, and erroneously relies on *Voicelink Data Services, Inc. v. Datapulse, Inc.*, 86 Wash. App. 613 (1997).  In it's entirety, plaintiff's argument is as follows:

ORDER
PAGE – 1

> Datapulse involved a Washington State corporation, Voicelink Data Services, Inc., and service upon Datapulse, Inc., via Washington State's longarm statute. In awarding attorney's fees, the Washington State Court of Appeals indicated the following:
>
>> RCW 4.28.185(5) authorizes reasonable attorney's fees to defendants served under Washington's longarm statute who prevail in the action. Since Datapulse has successfully obtained dismissal of the action, it has prevailed. (937 P.2d at 1166). [Emphasis added].
>
> This motion is not made in good faith given the clear wording of the statute and the unambiguous decision in *Voicelink Data Services, Inc. v. Datapulse Inc.*, *supra*.

(Dkt. #29 at 1-2).

Having reviewed defendant Hale's Motion for Attorney's Fees, plaintiff's opposition and the remainder of the record, the Court does hereby find and ORDER:

(1) Defendant Hale's Motion for Attorney's Fees (Dkt. #25) is GRANTED. Plaintiff in no way makes clear why RCW 4.28.185(5) does not apply to this case. Nor does his one-sentence argument identify why the motion was not made in good faith, especially in light of this Court's previous Order specifically directing Hale to file such a motion. Accordingly, the Court finds no reason to deny Hale's request for reasonable attorney's fees.

(2) Plaintiff shall pay attorney's fees in the amount of $3,967.50 to defendant Hale no later than 21 days from the date of this Order.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this __25__ day of April, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 2