UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN TUTTERROW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR SULLIVAN, *et al.*,<br><br>　　　　Defendants. | CASE NO.  C04-2412RSM<br><br>ORDER GRANTING McBEE'S REQUEST FOR JOINT LIABILITY FOR ATTORNEYS FEES |

　　This matter comes before the Court on defendant Steve McBee's motion to jointly impose liability for attorneys fees against plaintiff's counsel, as well as plaintiff himself.  (Dkt. #35). This Court previously granted defendant McBee's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure on April 13, 2005, finding that plaintiff's case was filed for an improper purpose, and that the allegations and other factual contentions had no evidentiary basis.  (Dkt. #27).  At that time, the Court imposed Rule 11 sanctions on both plaintiff and his counsel, directing them to pay such sanctions within 30 days from the date of the Court's Order. The Court further directed plaintiff to pay defendant McBee's attorney fees in the amount of $3,915.00.  (Dkt. #31 at 2).

　　Plaintiff has filed an untimely opposition to the instant motion, apparently arguing that Rule 11 sanctions should not be imposed at all.  (Dkt. #37).

ORDER
PAGE – 1

Having reviewed defendant McBee's motion to jointly impose fees, plaintiff's opposition, defendant McBee's reply, and the remainder of the record, the Court does hereby find and ORDER:

(1) Defendant McBee's Motion for Fees (Dkt. #35) is GRANTED.  Defendant McBee argues that plaintiff's counsel should be held jointly liable for the Court's previous grant of attorneys fees because most of the sanctionable conduct was committed by counsel, and the likelihood of success of recovering fees from plaintiff himself is slim.  (Dkt. #35 at 2).  Rule 11 allows the Court to impose sanctions upon the attorney or party filing an action if the Court has determined that such filing is being presented for an improper purpose, the claims, defenses, and other legal contentions are not warranted by existing law, the allegations and other factual contentions have no evidentiary basis, or the denials of factual contentions are not warranted.  Fed. R. Civ. P. 11(b).  This Court has previously determined that plaintiff and his counsel have committed such conduct.  (Dkt. #27).

While plaintiff apparently now argues that Rule 11 sanctions should not be imposed at all, that argument is both untimely and unresponsive to the question presented in defendant McBee's motion.  Rule 11 sanctions have already been imposed on plaintiff and his counsel, along with an award of attorneys fees.  When defendant McBee filed his initial motion for sanctions, plaintiff had an opportunity to argue that such sanctions were inappropriate.  The Court considered any arguments presented by plaintiff, and rejected them.  The issue before this Court now is whether plaintiff's counsel should be held jointly liable for the attorneys fees already awarded by this Court.  Plaintiff provides no argument in opposition on that issue.  Accordingly, the Court agrees with defendant McBee, and finds that plaintiff's counsel should be held jointly liable for the attorneys fees previously awarded to defendant McBee.

1    (2) Having determined that joint liability for attorneys fees between plaintiff and his
2 counsel is appropriate in this case, the Court hereby ORDERS the following:
3    a. Plaintiff or his counsel shall pay to defendant McBee the reasonable attorney's fees and
4 costs incurred by filing defendant McBee's previous motion for sanctions in the amount of
5 $3,915.00, no later than 21 days from the date of this Order. Should plaintiff or his counsel fail
6 to pay such fees by that date, both plaintiff and his counsel may be subject to additional
7 monetary sanctions by this Court.
8    (3) The Clerk is directed to forward a copy of this Order to all counsel of record.
9    DATED this   9   day of May, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 3